FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 DEC 19 PM 2: 07

CLERK C Reynoldo
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| BARBARA JONES WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 104-176 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Barbara Jones Washington appeals the decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") and disability benefits under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED** and that a final judgment be **ENTERED** in favor of the Commissioner.

## I. BACKGROUND

Plaintiff applied for SSI payments on November 16, 2001. Tr. 14. She later applied for disability benefits on January 29, 2002, alleging an onset date of April 15, 2001. Tr. 14. She alleged disability due to Paget's disease, abdominal pain, headaches, joint and muscle

pain, and shortness of breath. Tr. 97. The Social Security Administration denied plaintiff's applications and her request for reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing at which plaintiff, represented by counsel, testified on her own behalf, the ALJ issued an unfavorable decision dated August 9, 2004. Tr. 11-21.

Applying the five-step sequential process required by Title 20, Code of Federal Regulations, Sections 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

2. The claimant has an impairment or a combination of impairments considered "severe" based on the requirements in Regulations Sections 404.1520(b) and 416.920(b).

3. These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

4. The claimant is unable to perform any of her past relevant work but retains the residual functional capacity to "lift and carry twenty pounds occasionally and ten pounds frequently; she can stand/sit/walk for up to 8 hours in an 8 hour day but requires a sit/stand option allowing her to alternate between sitting and standing such that she can sit for up to one hour and stand for up to one hour; she can occasionally stoop, kneel and crouch; she cannot crawl, climb or balance; she must avoid hazards such an [sic] unprotected heights and dangerous machinery and respiratory irritants such as poor ventilation, dust, fumes, gases and odors."

5. Based on the claimant's age, education, and work experience, and the testimony of the vocational expert, there are a significant number of jobs in the national economy that the claimant could perform, including light jobs such as hotel desk clerk, security guard, and cashier. Thus, the claimant was not under a "disability," as defined in the Social Security Act.

Tr. 20-21.

When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. Plaintiff filed this civil action requesting a reversal of that adverse decision. Plaintiff, proceeding pro se, argues that Dr. Moore, the state medical examiner, did not consider all of the evidence on record before rendering his opinion on disability and that the ALJ errantly discounted the opinion of Dr. Jester, her treating physician. Plaintiff also attaches several documents to her brief that are not a part of the administrative record in this case.

## II. THE STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial

evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III. DISCUSSION

### A. Opinion of the State Medical Examiner

Plaintiff first argues that Dr. B. Waldo Moore, the state medical examiner who reviewed plaintiff's medical records, "used only a fraction of her records to make his

4

decision." Pl. Br. at 3. Dr. Moore completed his report on April 2, 2002. In the report, Dr. Moore found that plaintiff was able to lift and carry twenty pounds occasionally and ten pounds frequently, to stand or walk for six hours of an eight hour workday, to sit for six hours of an eight hour workday, to climb ramps and stairs, and to balance, stoop, kneel, crouch, and crawl. Dr. Moore also opined that plaintiff could not climb ladders, ropes, or scaffolds and that she should avoid exposure to hazards and respiratory irritants. Tr. 251-58. In reaching his decision regarding plaintiff's disability, the ALJ noted the findings of Dr. Moore, "who opined on April 2, 2002, that the claimant was capable of a reduced range of light work." Tr. 18.

Plaintiff does not indicate which of her medical records Dr. Moore ignored or how she knows that he ignored any of her records.[1] Plaintiff also does not suggest how Dr. Moore's conclusions are inconsistent with the clinical findings of her treating physicians. The Court is unable to discern from the record whether any medical evidence was disregarded by Dr. Moore and finds no patent inconsistencies between Dr. Moore's opinion and the medical evidence of record.[2]

An ALJ is "not bound by any findings made by State agency medical or psychological consultants, or other program physicians or psychologists. However, State agency medical and psychological consultants and other program physicians and psychologists are highly

---

[1] Dr. Moore acknowledges plaintiff's symptoms in making his determination. Tr. 252.

[2] While Dr. Moore's findings do contradict opinions rendered by Dr. Jester, plaintiff's treating physician, regarding plaintiff's functional capacity, the Court finds, for reasons stated *infra*, that the ALJ properly discounted Dr. Jester's opinion because it was not supported by objective medical evidence.

5

qualified physicians and psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. § 404.1527(f)(2)(i). Therefore, and ALJ "must consider findings of State agency medical and psychological consultants or other program physicians or psychologists as opinion evidence . . . ." Id. The Court finds that the ALJ here properly considered Dr. Moore's opinion in light of other objective medical evidence of record, and plaintiff should not be entitled to relief on this ground.

### B. Opinion of Dr. Jester

Plaintiff next contends that the ALJ improperly discounted the opinion of her treating physician, Dr. Jester, regarding her functional capacity. On January 23, 2003, Dr. Jester opined that plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, that she could stand or walk for three hours in an eight-hour workday, and that she could sit for four hours in an eight hour workday. He found plaintiff able occasionally to bend, squat, and reach, but unable to perform simple grasping, pushing and pulling or to use her feet for repetitive movements such as pushing and pulling. He stated that plaintiff had mild restrictions on activities involving the driving of automotive equipment, moderate restrictions on activities around moving machinery and any activity that would expose her to changes in temperature and humidity or to dust, fumes and gases, and total restrictions on activities involving unprotected heights. Dr. Jester also found plaintiff to be in moderate to severe pain, that her pain would cause unpredictable interruptions in her workday, and that she would need to lie down for several hours during the day. He concluded that plaintiff could perform part-time sedentary work, but that she was incapable of light work activity. Tr. 318-21.

The ALJ found Dr. Jester's opinion not to be supported by the medical record, including Dr. Jester's own reports of plaintiff's condition:

> [T]he undersigned does not attach great weight to the medical opinions of Dr. Jester as they are not supported by the evidence as a whole including his own medical reports. None of the supporting documentation from Dr. Jester mentions or supports such extreme limitations, for example, as the inability to perform simple grasping, pushing, and pulling or arm controls and fine manipulation with either hand. In fact, on July 8, 2002, Dr. Jester stated that the claimant's sarcoid disease was stable, her gastroesophageal reflux disease was controlled with medications, and that her Paget's disease was in remission. On July 29, 2003, he characterized her complaints as a "questionable" flare-up of her disease. He also indicated on July 29, 2003 that the clailmant was stable. In April of 2003 the claimant was admitted to the hospital for complications from a hernia repair. The physical exam done in conjunction with that admission found that the claimant has full range of motion throughout all extremities. Discharge instructions found that the claimant could resume her regular activities with the exception of no heavy lifting or strenuous activity.

Tr. 18.

Under Social Security Ruling ("SSR") 96-5p, the determination of disability regarding a Social Security claim is reserved to the ALJ, and treating source opinions on issues reserved to the ALJ are never entitled to controlling weight or special significance. SSR 96-5p; 20 C.F.R. § 404.1527(e). While "the opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physicians's diagnosis," a "treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); accord Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). The ALJ "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d

7

1050, 1053 (11th Cir. 1986).

The Court finds that the ALJ properly stated his reasons for rejecting Dr. Jester's opinion. He first notes in considerable detail inconsistencies between Dr. Jester's findings regarding plaintiff's ability to work and his own records of plaintiff's condition. He then cites the opinion of Dr. Moore, the state medical examiner, to support his conclusion that plaintiff is able to perform light work. Tr. 18. The Court also finds the ALJ's rejection of Dr. Jester's opinion to be supported by other medical evidence of record. For example, the only limitations placed on plaintiff's activity in the discharge instructions after three visits to Medical College of Georgia hospital dated March 13, 2003, April 21, 2003, and August 29, 2001, are that she refrain from heavy lifting and strenuous activity. Tr. 239, 275, 290. The Court finds no medical evidence in the record to support the sort of limitations on plaintiff's functional capacity suggested by Dr. Jester. As such, the Court finds that the ALJ properly discounted Dr. Jester's opinion.

### C. New Evidence

Plaintiff has attached several documents to her brief filed on April 18, 2005, some of which are medical records not included in the administrative record. Plaintiff suggests no reason for failing to present the evidence to the Commissioner for evaluation in her administrative proceedings and she does not formally ask the Court to consider the documents. Out of an abundance of caution, the Court will construe the inclusion of the documents in plaintiff's brief as a request by plaintiff, who is proceeding pro se, that the documents be considered new evidence supporting a "sentence six" remand under Title 42, United States Code, Section 405(g).

8

A reviewing court, when presented with new evidence that was not available at the time of the ALJ's decision, may only consider whether the evidence necessitates remand under sentence six of Section 405(g). A reviewing court may not consider the new evidence in determining whether the Commissioner's final decision is supported by substantial evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); Keeton v. Department of Health and Human Servs., 21 F.3d 1064, 1068 (11th Cir. 1994).

Sentence six of Section 405(g) authorizes a reviewing court to remand a case for consideration of new evidence only if the evidence is material and only if good cause exists for the claimant's failure to incorporate such evidence into the record in a prior proceeding. The Eleventh Circuit has set forth the requirements for a plaintiff seeking remand for consideration of new evidence:

> (1) there is new, noncumulative evidence; (2) the evidence is "material," that is, relevant and probative so there is a reasonable possibility that it would change the administrative results; and (3) there is good cause for the failure to submit the evidence at the administrative level.

Vega v. Commissioner of Social Sec., 265 F.3d 1214, 1218 (11th Cir. 2001) (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986) and Falge, 150 F.3d at 1323). The Court is to make a *de novo* determination as to whether remand is appropriate. Smith v. Bowen, 792 F.2d 1547, 1550 (11th Cir. 1986).

The Court finds that the evidence presented by plaintiff was available prior to the Appeals Counsel decision on September 13, 2004, denying plaintiff's request for review. Plaintiff presents no explanation for her failure to submit the evidence during the administrative review phase of her case, during which she was represented by counsel. The

Court also finds no medical diagnosis or prognosis in plaintiff's new evidence that contradicts the finding of the ALJ, that plaintiff can perform work at a light exertional level. Thus, plaintiff has shown neither good cause for her failure to submit the evidence previously nor that there is a reasonable possibility that the evidence would change the administrative result. A remand under sentence six would not be appropriate in this case.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**, and that a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 19th day of December, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE